FILED & ENTERED

JAN 25 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**LINDA JEAN MOCA,**<br><br>　　　　Debtor. | Case No. 2:98-bk-26952-RK<br><br>Chapter 7<br><br>**STATEMENT OF DECISION RE ORDER DENYING MOTION AND REQUESTS OF HRISTOS MOCA TO: (1) REOPEN CASE; (2) SET ASIDE SETTLEMENT ORDER; AND (3) REFUND SETTLEMENT PAYMENT** |

　　　　By separate order, the court denied the renewed motion of creditor Hristos Moca ("creditor") to reopen this bankruptcy case, to set aside a settlement order, and to refund a settlement payment, filed on December 20, 2012 (the "renewed motion"). In this statement of decision, the court explains its reasons for denying the renewed motion.

　　　　Creditor brought a similar motion on January 25, 2012, seeking to bring a fraudulent transfer action against the debtor based on transfers that occurred in 1995, about 17 years ago. The court denied the original motion and issued a separate statement of decision explaining the ruling on March 29, 2012. *See* Bankruptcy Docket Nos. 154, 155.

　　　　In the renewed motion, creditor raises one additional argument not raised in the original motion for why grounds exist under 11 U.S.C. § 350(b) to reopen the bankruptcy

1  case. Creditor argues that the doctrine of equitable tolling applies, and that he should be
2  allowed to bring an action for fraudulent transfer against the debtor, despite the seven-
3  year statue of limitations provided in California Civil Code § 3439.09(c). Creditor,
4  however, cannot prevail on this argument. The statute of limitations provided in
California Civil Code § 3439.09(c) is an absolute bar against fraudulent transfer claims
5  older than seven years and is thus a "statute of repose;" which may not be extended
6  further under the doctrine of equitable tolling. *In re JMC Telecom LLC*, 416 B.R. 738, 744
7  (C.D. Cal. 2009) (holding that "[a]pplying equitable tolling would be inconsistent with a
8  statute of repose, like § 3439.09(c), which sets a definitive outside limit on the amount of
9  time to file a suit"); *see also, Munoz v. Ashcroft,* 339 F.3d 950, 957 (9th Cir. 2003)("A
statute of repose is a fixed, statutory cutoff date, usually independent of any variable,
10 such as claimant's awareness of a violation.")(citation omitted).
11     The creditor has not otherwise shown that there is any applicable equitable
12 doctrine to except his claims from the statutory time bar of California Civil Code
13 § 3439.09(c). Accordingly, the court concluded that creditor's motion to reopen debtor's
14 bankruptcy case to bring a time-barred fraudulent transfer action against her should be
15 denied.

###

Date: January 25, 2013

Robert Kwan
United States Bankruptcy Judge

2

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **STATEMENT OF DECISION RE ORDER DENYING MOTION AND REQUESTS OF HRISTOS MOCA TO: (1) REOPEN CASE; (2) SET ASIDE SETTLEMENT ORDER; AND (3) REFUND SETTLEMENT PAYMENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **January 25, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Enid M Colson    emc@dgdk.com, ecolson@dgdk.com;DanningGill@gmail.com
David A Gill (TR)    mlr@dgdk.com, dgill@ecf.epiqsystems.com;DanningGill@Gmail.com
Harriet L Goldfarb    hlgoldfarb@yahoo.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Linda Jean Moca
232 N Mayflower Ave
Monrovia, CA 91016

Hristos Moca
7050 Bertrand Ave
Reseda, CA 91335

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page